IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FANTASTIC SAMS SALONS CORP.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:15-cv-03008 |
| | ) |
| **PSTEVO, LLC and JEREMY BAKER,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND FURTHER NECESSARY AND PROPER RELIEF**

Plaintiff Fantastic Sams Salons Corporation, by its attorneys, and for its Complaint for Declaratory Judgment and Further Necessary and Proper Relief, states as follows:

**PARTIES**

1. Plaintiff Fantastic Sams Salons Corporation ("Fantastic Sams") is a Delaware corporation with its principal place of business in Beverly, Massachusetts.

2. Defendant PSTEVO, LLC ("PSTEVO") is an Illinois limited liability company with its principal place of business in Elmhurst, Illinois. PSTEVO's sole and managing member is defendant Jeremy Baker.

3. Defendant Jeremy Baker ("Baker") is an Illinois citizen and resident.

**JURISDICTION AND VENUE**

4. The Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this action is a civil action between citizens of different States, wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that defendants reside in, and a substantial part of the events or omissions giving rise to the claims asserted in the complaint occurred in, this judicial district.

**RELEVANT FACTS**

6. Fantastic Sams is a subfranchisor of the Fantastic Sams Salons® brand of family haircare salons in certain regions of the United States (the "FSS Regions").

7. On May 24, 2012, Fantastic Sams, as franchisor, and PSTEVO, as franchisee, entered into a written Salon License Agreement pursuant to which Fantastic Sams granted PSTEVO a franchise to operate a Fantastic Sams Salon in Elgin, Illinois for an initial ten (10) year term, including a license to use Fantastic Sams' proprietary systems and marks in connection with its operation of the franchised salon.

8. On November 1, 2013, Fantastic Sams, as franchisor, and PSTEVO, as franchisee, entered into a second written Salon License Agreement pursuant to which Fantastic Sams granted PSTEVO a franchise to operate a Fantastic Sams Salon in Algonquin, Illinois for an initial ten (10) year term, including a license to use Fantastic Sams' proprietary systems and marks in connection with its operation of the franchised salon.

9. Under the terms of the license agreements PSTEVO agreed to (a) make certain weekly payments to Fantastic Sams, among them (i) weekly license fees, and (ii) weekly national advertising fees in amounts specified in the agreement, and to do so by authorized bank draft or other prepayment arrangement, (b) purchase Fantastic Sams' branded products, and (c) purchase other products purchased under purchasing arrangements established by Fantastic Sams.

10. Baker guaranteed in writing all of PSTEVO's obligations under each license agreement, including all of PSTEVO's payment obligations.

11. By written amendments signed contemporaneously with each license agreement, and at PSTEVO's request, the amounts of the weekly license fees were abated provided that PSTEVO remained in compliance with each license agreement. Through additional amendments, the parties extended the abated weekly license fees through January 26, 2015, and PSTEVO agreed that, commencing on January 27, 2015, it would resume paying the full weekly license fee in the amount specified in the license agreements.

12. Fantastic Sams continued to accrue the full weekly license fee amount owed by PSTEVO during the terms of the amendments, but agreed to waive the abated portion of the weekly license fee if PSTEVO remained in compliance with the license agreements, amendments to the license agreements, and any other agreements between PSTEVO and Fantastic Sams.

13. On or around February 2, 2015, PSTEVO placed a stop payment order with its bank and has failed and refused to pay Fantastic Sams the weekly national advertising fees it owes. Fantastic Sams attempted to draft the weekly national advertising fees on February 2, 2015, February 9, 2015 and February 16, 2015, and such drafts were dishonored by PSTEVO's bank. Nor has Baker made those payments to Fantastic Sams as his guarantees require.

14. The license agreements provide that Fantastic Sams may terminate the agreements immediately in the event, among others, that PSTEVO's bank for two consecutive weeks fails to honor the authorized bank draft or other prepayment arrangement for any weekly fee, including the weekly national advertising fees.

15. On February 20, 2015, Fantastic Sams served PSTEVO with a written notice of default based on PSTEVO's failure to pay the weekly national advertising fees owed to it. Rather

than immediately terminate the license agreement, Fantastic Sams afforded PSTEVO a thirty (30) day cure period.

16. Despite the default notice and cure opportunity afforded it, PSTEVO failed and refused to cure its defaults. Instead, PSTEVO has contested its obligation to pay weekly national advertising fees, claiming some dissatisfaction with the manner in which the advertising fund in which the fees are deposited is utilized. This despite the fact that the license agreements expressly provide (i) Fantastic Sams must deposit the weekly national advertising fees into the National Advertising Fund ("Fund"), (ii) the Fund is managed by the Fund's board of directors ("Board"), and (iii) the Fund has the right to determine when, how and where weekly national advertising fees shall be spent.

17. The Board is independent of Fantastic Sams and is made up of regional owners, individual franchisees and a representative of Fantastic Sams. Except for some very narrow exceptions, Fantastic Sams is obligated to pay to the Fund weekly national advertising fees for all salons open and operating in the FSS Regions regardless of whether a franchisee has paid Fantastic Sams the weekly national advertising fees. Despite the Fund's right to use the weekly national advertising fees only for national advertising, the Fund has currently elected to allow a portion of the weekly national advertising fees to be spent according to the Fund's policies and guidelines in the Chicago designated market area (the "DMA") as such policies and guidelines are applied by Fantastic Sams and the Fund. Accordingly, since the Fund has elected to do this, the Fund has the right to condition how such weekly national advertising fees will be spent in the DMA and the Fund's policies and guidelines specify that such weekly national advertising fees must be spent for cooperative advertising in the DMA.

18.     PSTEVO refuses to pay the national advertising fee because it wants to spend such amounts on individual advertising for its salons.

## COUNT I
## DECLARATORY JUDGMENT

19.     Fantastic Sams repeats and realleges ¶¶ 1 through 18 of its Complaint for Declaratory Judgment and Further Necessary and Proper Relief, as this ¶ 19.

20.     An actual and justiciable controversy exists between Fantastic Sams, on the one hand, and PSTEVO and Baker, on the other hand, concerning whether PSTEVO can cease paying weekly national advertising fees and spend such fees on individual advertising for its salons, PSTEVO's and Baker's liability for their failure to pay the weekly national advertising fees required of them under the license agreements and Baker's guarantees, Fantastic Sams' right to terminate the license agreements based on that failure and PSTEVO's and Baker's failure to cure their defaults, and PSTEVO's and Baker's liability for repayment of the weekly license fees abated under the amendments to the license agreements.

21.     Pursuant to 28 U.S.C. § 2201, the Court may declare the rights and other legal relations of the parties, and that declaration shall have the force and effect of a final judgment or decree.

22.     Fantastic Sams is entitled to a declaratory judgment that PSTEVO and Baker have breached the license agreements and Baker's guarantees by failing to pay when due the weekly national advertising fees specified in the license agreements, and that, based on that breach and PSTEVO's and Baker's failure to cure it, Fantastic Sams is entitled to terminate the license agreements for cause.

**WHEREFORE**, Fantastic Sams asks that the Court enter judgment declaring that:

A. PSTEVO has breached the license agreements by failing to make the weekly national advertising fee payments specified in the license agreements;

B. PSTEVO has breached the amendments to the license agreements by breaching the license agreements by failing to make the weekly national advertising fee payments specified in the license agreement;

C. Baker has breached his guarantees by failing to make the weekly national advertising fee payments specified in the license agreements and the abated weekly license fees;

D. Fantastic Sams is entitled to terminate the license agreements based on PSTEVO's breach and failure to cure its breach; and

E. Fantastic Sams is entitled to collect the full weekly license fees abated under the amendments to the license agreements because of PSTEVO's failure to remain in compliance with the license agreements.

## COUNT II
## FURTHER NECESSARY AND APPROPRIATE RELIEF

23. Fantastic Sams repeats and realleges ¶¶ 1 through 22 of its Complaint for Declaratory Judgment and Further Necessary and Proper Relief, as this ¶ 23.

24. PSTEVO agreed to operate its franchised Fantastic Sams salons for the entire ten (10) year term of each license agreement.

25. As a direct and proximate result of PSTEVO's breach of the license agreements and the resulting termination for cause that Fantastic Sams is entitled to carry out based on the declaratory judgment it seeks, Fantastic Sams has sustained and will sustain damages, including, without limitation, amounts presently due and owing as well as lost future weekly license fees, and weekly national advertising fees for the remaining terms of the license agreements and lost revenue from required product purchases for PSTEVO's franchised Fantastic Sams salons.

26. The license agreements provide that, upon termination, PSTEVO will, among other things, cease any and all use of Fantastic Sams marks and other components of the Fantastic Sams system, de-identify its former salon locations, transfer to Fantastic Sams the telephone numbers used by its former franchised Fantastic Sams salons, pay all amounts due and owing to Fantastic Sams, including all outstanding advertising fees, and return to Fantastic Sams all of its proprietary materials, including operations manuals.

27. PSTEVO also agreed that, for a period of two (2) years following termination of the license agreements, it will not participate, directly or indirectly, as an owner, partner, member, director, officer, employee, consultant, lender or agent, or in any other capacity, in any business engaged in the sale or rental of products or services that are the same or similar to those offered by Fantastic Sams salons, within a five (5) mile radius of its former franchised Fantastic Sams salons.

28. Unless the Court were to enjoin PSTEVO's compliance with its post-termination obligations, including its covenant against competition, Fantastic Sams will suffer irreparable harm for which it has no adequate remedy at law.

29. The license agreements provide for the recovery by the successful party of its costs and expenses, including attorneys' fees, incurred in connection with any action brought to secure or protect a party's rights under the license agreements.

30. Pursuant to 28 U.S.C. § 2202, the Court may grant further necessary or proper relief based on its declaratory judgment.

31. Based on the declaratory judgment it seeks, Fantastic Sams is entitled to further necessary or proper relief, including judgment in its favor and against PSTEVO and Baker, jointly and severally, for, among other things, past due amounts owed and lost future weekly

license fees and national advertising fees, in an amount to be determined at trial; preliminary and permanent injunctive relief enforcing PSTVO's and Baker's post-termination obligations under the license agreements and Baker's guarantees, including their covenant against competition; an award of attorneys' fees and costs incurred in connection with this action; and such other and further relief as the Court deems necessary or proper.

**WHEREFORE**, Fantastic Sams asks that the Court render further necessary or proper relief based on the declaratory judgment sought herein, including judgment in its favor and against PSTEVO and Baker, jointly and severally, for, among other things, past due amounts owed and lost future weekly license fees and national advertising fees, in an amount to be determined at trial; preliminary and permanent injunctive relief enforcing PSTVO's and Baker's post-termination obligations under the license agreements and Baker's guarantees, including their covenant against competition; an award of attorneys' fees and costs incurred in connection with this action; and such other and further relief as the Court deems necessary or proper.

                                        **FANTASTIC SAMS SALONS CORP.,**

                                        By: s/ Fredric A. Cohen
                                                  One of its Attorneys

Fredric A. Cohen (ARDC #6198606)
Aaron-Michael Sapp (ARDC #6297528)
**CHENG COHEN LLC**
311 North Aberdeen Street, Suite 400
Chicago, Illinois 60607
(312) 243-1701
fredric.cohen@chengcohen.com
aaron-Michael.Sapp@chengcohen.com