UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FANTASTIC SAMS SALONS CORP., | ) |
| | ) |
| Plaintiff/Counter Defendant, | ) |
| | ) No. 15 C 3008 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| PSTEVO, LLC and JEREMY BAKER, | ) |
| | ) |
| Defendants/Counter Claimant. | ) |

## ORDER

Fantastic Sams Salons' Motion to Dismiss [26] is granted and Defendants PSTEVO, LLC and Jeremy Baker's fraudulent misrepresentation counterclaim is dismissed with prejudice. See Statement for further details.

## STATEMENT

Fantastic Sams Salons ("Fantastic Sams") and Defendants PSTEVO, LLC and Jeremy Baker (collectively, "PSTEVO") entered into a franchise agreement pursuant to which Fantastic Sams granted PSTEVO a franchise to operate a Fantastic Sams Salon. Fantastic Sams initiated the present lawsuit against PSTEVO seeking declaratory relief with regard to various terms of the franchise agreement. PSTEVO answered Fantastic Sams' complaint and asserted several counterclaims, one of which was for fraudulent misrepresentation.

PSTEVO alleges that prior to entering into the franchise agreement, Baker met with two agents of Fantastic Sams – Tom and David Boitz, Vice President and Regional Director of Fantastic Sams, respectively. At the meeting, Boitz – PSTEVO does not specify which Boitz – presented Baker with various financial disclosure documents that allegedly stated that PSTEVO only needed three months of working capital to open the salon, and thereafter PSTEVO could expect the salon to be profitable. PSTEVO alleges that Fantastic Sams' website contained the same misrepresentation and that Boitz – again PSTEVO does not specify which Boitz – also told Baker that he only needed three months of working capital before he could expect the salon to be profitable. PSTEVO further alleges that Boitz and Fantastic Sams knew that these statements were false and that it would take longer than three months for the salon to become profitable, and that these misrepresentations were material in that PSTEVO relied on them in deciding whether to enter into the franchise agreement.

Fantastic Sams moves to dismiss PSTEVO's fraudulent misrepresentation counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v.*

*City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Legal conclusions, however, are not entitled to the same presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Fantastic Sams advances several arguments in support of its motion to dismiss PSTEVO's fraudulent misrepresentation claim, one of which is that the claim is barred by two disclaimers contained in the agreements signed by the Parties.[1] The relevant disclaimers state as follows: (1) "NO ORAL, WRITTEN OR VISUAL CLAIM OR REPRESENTATION WHICH CONTRADICTED THE DISCLOSURE DOCUMENT WAS MADE TO ME, EXCEPT:" and (2) "NO ORAL, WRITTEN OR VISUAL CLAIM OR REPRESENTATION WHICH STATED OR SUGGESTED ANY SALES, INCOME, OR PROFIT LEVELS WAS MADE TO ME, EXCEPT:". Doc. 26 at 9. Each disclaimer provided several lines for written responses. After each disclaimer Baker wrote the word "none," and initialed his response. *Id.* Fantastic Sams thus argues that PSTEVO is precluded from claiming that it relied on Fantastic Sams' or its agents' representations regarding projected profitability. Because reliance is a necessary element of a fraudulent misrepresentation claim, Fantastic Sams argues that PSTEVO's claim necessarily fails. *See Bonhomme v. St. James*, 970 N.E.2d 1, 11, 2012 IL 112393, 361 Ill. Dec. 1 (2012).

PSTEVO does not dispute that Baker indicated "none" after each disclaimer. Nor does PSTEVO dispute the general enforceability of the disclaimers. Rather, PSTEVO argues that the disclaimers do not apply to the particular misrepresentations alleged. Specifically, PSTEVO argues that the first disclaimer does not bar its fraudulent misrepresentation claim because PSTEVO does not allege that the misrepresentations contradicted the disclosure documents. Rather, PSTEVO asserts that the disclosure documents contained the same alleged misrepresentation as those made by Boitz and contained on Fantastic Sams' website. In other words, the alleged misrepresentations made by Boitz and Fantastic Sams' website were consistent with, rather than contradicted by, the disclosure documents. The Court agrees and finds that the first disclaimer does not bar PSTEVO's fraudulent misrepresentation claim.

With regard to the second disclaimer, PSTEVO argues that it does not preclude its fraudulent misrepresentation claim because its claim is premised on "minimum viability," not guaranteed income. In making this argument, PSTEVO does not cite to its counterclaim, which upon the Court's review does not contain the words "minimum viability." Nor does PSTEVO cite to any portion of the disclosure documents or website that allegedly discusses "minimum viability." Either way, the Court finds that PSTEVO's argument directly contradicts the allegations found in PSTEVO's counterclaim. PSTEVO's fraud counterclaim is clearly

---

[1] Because the Court finds that one of the disclaimers bars Defendants' fraudulent misrepresentation counterclaim, it declines to address Fantastic Sams' other bases for dismissal.

premised on the assertion that Fantastic Sams misrepresented projected profit levels, *i.e.*, that PSTEVO could expect to be profitable three months after opening the salon. *See* Doc. 24 ¶ 28 (PSTEVO "only needed 3 months of working capital, which is the average length of time for salons to break even on the costs of opening and operating"); *id.* ¶ 30 ("[the] materials also presented 3 months of working capital as the average amount needed to become profitable."); *id.* ¶ 36 ("The statements by Boitz and Fantastic Sams that only three months of working capital would be needed, and thereafter Baker could expect to be profitable, were material."). The second disclaimer expressly disclaims that any such representations regarding projected sales, income, or profit levels were made. It is undisputed that Baker affirmed in response to this disclaimer that no such representations were made to him. PSTEVO's claim that Fantastic Sams represented that PSTEVO could expect to be profitable after three months of operating is thus barred. *See Pardo v. Mecum Auction Inc.*, 77 F. Supp. 3d 703, 709 (N.D. Ill. 2014) (finding disclaimer prohibited oral misrepresentation claim); *Adler v. William Blair & Co.*, 648 N.E.2d 226, 232–33, 271 Ill. App. 3d 117, 207 Ill. Dec. 770 (1995) (dismissing fraudulent misrepresentation claim as to oral statements where plaintiffs signed "agreement warranting that they relied only on the information contained in the [contract].").

For the foregoing reasons, Fantastic Sams' Motion to Dismiss [26] is granted and PSTEVO's fraudulent misrepresentation claim is dismissed with prejudice.

Date: January 15, 2016

/s/ Sara L. Ellis_____